**United States District Court**
For the Northern District of California

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8    DJOLIBA NARCISSE,                        No. C-15-1615 EMC (pr)

9              Petitioner,

10         v.                                 **ORDER TO STAY PROCEEDINGS**

11   E. VALENZUELA, Warden,

12             Respondent.

13   _____/

14

15                        I.    **INTRODUCTION**

16         Djoliba Narcisse, an inmate at the California Men's Colony in San Luis Obispo, filed this

17   *pro se* action for  a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before

18   the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254

19   Cases.  His motion for a stay and abeyance also is before the court for consideration.

20                        II.    **BACKGROUND**

21         The petition and attachments thereto provide the following information:  Following a jury

22   trial, Mr. Narcisse was convicted in Contra Costa County Superior Court of mayhem as well as

23   assault with a deadly weapon and by force likely to produce great bodily injury.  Sentence

24   enhancement allegations were found true.  On November 9, 2012, he was sentenced to nine years in

25   state prison.  Mr. Narcisse appealed.  The California Court of Appeal affirmed the judgment of

26   conviction and the California Supreme Court denied the petition for review.  He then filed this

27   action.

28

**United States District Court**
For the Northern District of California

1

## III.   DISCUSSION

A.   Review of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the trial court erroneously instructed the jury with CALCRIM 3472 (i.e., a jury instruction on the right to self-defense) for which there was no evidentiary support, thereby depriving Mr. Narcisse of his rights to due process and to present a defense; and (2) appellate counsel provided ineffective assistance in that he failed to argue that trial counsel provided ineffective assistance of counsel.  Liberally construed, the claims are cognizable claims for habeas relief.

B.   Motion For Stay and Abeyance

Mr. Narcisse has moved to stay these proceedings and hold his petition in abeyance so that he may exhaust state court remedies for "two ineffective assistance of counsel claims . . . and numerous subordinate issues."  Docket # 2 at 1; Docket # 3 at 2.  He appears to argue that the issues "were not discovered nor could [they] be supported" until after he presented his petition for review in the California Supreme Court, and that various problems in prison (i.e., intermittent separation from his legal materials for several periods and some medical problems impeded his habeas efforts). *See id.* at 1, 3-4.  His claims do not appear meritless and his failure to exhaust before filing this action does not appear to be an intentional tactic to delay the proceedings.  Liberally construed, the *pro se* motion satisfies the criteria identified in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), in which the Court explained that a stay and abeyance "is only appropriate when the district court

2

determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Petitioner's motion to stay and hold these proceedings in abeyance is **GRANTED**.  (Docket # 2.) The Court will stay this action.  Petitioner is cautioned that he must act diligently to promptly file his petition in the state courts and must promptly return to federal court after his state court proceedings conclude.  *See Rhines*, 544 U.S. at 277-78.

### IV.   CONCLUSION

The petition states cognizable claims for habeas relief.  However, the Court will not at this time order Respondent to show cause why the petition should not be granted because Petitioner has requested a stay so that he may exhaust state court remedies.

This action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action.  Nothing further will take place in this action until Petitioner exhausts his unexhausted claims and, within thirty days of doing so, moves to reopen this action and lift the stay.

IT IS SO ORDERED.

Dated: April 27, 2015

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California