UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJOLIBA NARCISSE,<br>Petitioner,<br>v.<br>E. VALENZUELA,<br>Respondent. | Case No. 15-cv-01615-EMC<br><br>**ORDER TO SHOW CAUSE**<br>Docket No. 9 |

## I. INTRODUCTION

Djoliba Narcisse filed this *pro se* action for a writ of habeas corpus under 28 U.S.C. § 2254 more than three years ago. Little progress toward its resolution has occurred. Having waited in vain for a year for a second amended petition, the Court now moves the case beyond the pleading stage and orders Respondent to show cause why relief should not be granted on the three cognizable claims in the amended petition.

## II. BACKGROUND

Mr. Narcisse's amended petition provides the following information: Following a jury trial in Contra Costa County Superior Court, he was convicted of mayhem and assault with a deadly weapon. Sentence enhancement allegations were found true. On November 9, 2012, he was sentenced to a total of nine years in state prison.

He appealed. The California Court of Appeal affirmed his conviction 2013 and the California Supreme Court denied his petition for review in 2014.

Mr. Narcisse then filed this action in 2015.

## III. DISCUSSION

At the same time Mr. Narcisse filed his petition for writ of habeas corpus in April 2015, he

requested a stay of this action so that he could exhaust state court remedies for some claims. The Court granted the stay on April 27, 2015. Docket No. 5.

Mr. Narcisse later returned to this Court with an "amended petition to add exhausted state claims and lift the stay." Docket No. 9.

The Court lifted the stay of the action, reviewed the amended petition, and ordered Mr. Narcisse to file a second amended petition to address numerous pleading problems in his amended petition. Docket No. 12. The Court set a deadline of July 28, 2017, for Mr. Narcisse to file a second amended petition. *Id.* The Court later extended that deadline to July 28, 2017; then to October 6, 2017; then to January 31, 2018; and finally to April 27, 2018. *See* Docket Nos. 15, 21, 23. In the order setting the April 27, 2018, deadline for Mr. Narcisse to file a second amended petition, the Court warned Mr. Narcisse that "[t]his deadline will not be further extended for any reason because, by the time it arrives, he will have had ten months to prepare his second amended petition. Failure to file the second amended petition by that deadline will result in the dismissal of all deficient claims." Docket No. 23 at 2.

No second amended petition has been filed, and the deadline by which to do so has long passed.

Due to Mr. Narcisse's failure to file a second amended petition, the Court now dismisses all the claims that were identified as deficient in the June 28, 2017 order. *See* Docket No. 12 at 3-10. The claims are dismissed for the reasons discussed in the June 28, 2017 order.

With those claims dismissed, only the following cognizable claims remain: (1) the use of the CALCRIM 3472 jury instruction on self-defense violated Mr. Narcisse's right to due process because there was no evidence to support the instruction (Claim 1); (2) Mr. Narcisse's sentence violated his right to due process and his right to a jury trial because the sentence exceeded the maximum sentence the Legislature intended (Claim 10); and (3) the use of the CALCRIM 3471 jury instruction on self-defense violated Mr. Narcisse's right to due process because there was no evidence to support the instruction (Claim 11). These three claims warrant a response from Respondent.

United States District Court
Northern District of California

United States District Court
Northern District of California

## IV. CONCLUSION

For the foregoing reasons,

1. The three claims in the amended petition mentioned above warrant a response. All other claims are dismissed.

2. The Clerk shall serve a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **August 31, 2018**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on Respondent on or before **September 28, 2018**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: June 28, 2018

EDWARD M. CHEN
United States District Judge