# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJOLIBA NARCISSE,<br>    Petitioner,<br>v.<br>ROBERT W. FOX,<br>    Respondent. | Case No. 15-cv-01615-EMC<br><br>**ORDER EXTENDING DEADLINE**<br>Docket Nos. 26, 29 |

Petitioner filed a "motion for reasonable accommodation" pursuant to the Americans With Disabilities Act, *see* 42 U.S.C. § 12101 *et seq.* ("ADA"). Docket No. 26. In his request, he requested that he be allowed access to his prison's law library all 29 hours per week that the library is open for the general population at his prison. His claimed disability consists of a lengthy list of large and small medical problems that, among other things, result in him having a mobility impairment. Docket No. 26 at 4.

The ADA does not by its terms apply to the federal judiciary. However, pursuant to Judicial Conference policy, federal courts provide reasonable accommodations to persons with disabilities. The particular accommodations available in the Northern District are discussed on the court's website at https://www.cand.uscourts.gov/access, and mostly include physical accommodations available at particular courthouses.

As the Court understands the situation from many other filings by inmates, (1) prison officials limit the number of hours an inmate may attend the law library because the demand for law library access is far greater than can be accommodated without prioritizing the requests; (2) prison officials give priority to inmates with upcoming filing deadlines, and (3) staff bring requested materials to inmates who sit at tables rather than allowing inmates to roam through open

stacks in the library. Petitioner seeks substantially more law library time than he apparently normally would be allowed as a general population inmate, but does not connect his mobility impairment to the request for additional law library access. That is, he does not explain how being mobility-impaired requires that he be given more time in the law library. Moreover, to grant the requested relief, the Court would have to interfere with the ordinary day-to-day operations of a state prison, which federal courts generally are discouraged from doing. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (judiciary should exercise restraint on matters of prison administration). The request for an order for Petitioner to have unlimited law library access whenever his prison's law library is open to the general population inmates is **DENIED**. Docket No. 26. Any request for additional time at the law library is better directed at prison officials rather than the Court because it is prison officials who must make the arrangements, if appropriate, for him to be given additional law library time. Petitioner should follow the prison's procedures for obtaining access to the law library and legal research materials.

Petitioner's request for an extension of the deadline to file his traverse is **GRANTED**. Docket No. 29. Petitioner must file and serve his traverse no later than **December 24, 2018.** By the time that deadline arrives, Petitioner will have had four months to prepare his traverse.

**IT IS SO ORDERED**.

Dated: October 24, 2018

EDWARD M. CHEN
United States District Judge